UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NARENDRA GUPTA, GEETA GUPTA, NGG ENTERPRISES LIMITED PARTNERSHIP, and N.G.G. ENTERPRISE, LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| MICHAEL C. GOODE, MORRIS S. FRIEDMAN, SALLY KLINE, ALAN POWERS, PAUL CHANG, LEON MALACHINSKI, JOEL MICHEL, DAVID FUNK, GENE BLOCK, SCOTT CECIL, RONNIE DALE SWOPE, RALPH R. SWOPE, KEITH LUCKS, PURE ENERGY INTERNATIONAL, LTD., PURE ENERGY, INC., PURE ENERGY INCORPORATED, PURE ENERGY INTERNATIONAL LTD., BEYOND JUICE, BEYOND JUICE LLC, BEYOND JUICE INC., VIP*COMLINK, INC., R.D. SWOPE CONSTRUCTION LLC, RALPH R. SWOPE CONSTRUCTION, INC., LUCKS COMPANIES INCORPORATED, LUCKS CO., INC., and O.L.D. INCORPORATED, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | JURY DEMAND |
| Defendants. | ) ) | |

## COMPLAINT

NOW COME the plaintiffs Narendra Gupta, Geeta Gupta, NGG Enterprises

Limited Partnership, and N.G.G. Enterprise, Ltd. and complaining of defendants

Michael C. Goode, Morris S. Friedman, Sally Kline, Alan Powers, Paul Chang, Leon

Malachinski, Joel Michel, David Funk, Gene Block, Scott Cecil, Ronnie Dale Swope,

Ralph R. Swope, Keith Lucks, Pure Energy International, Pure Energy, Inc., Pure

Energy Incorporated, Pure Energy International Ltd., Beyond Juice, Beyond Juice LLC, Beyond Juice Inc., VIP*Comlink, Inc., R. D. Swope  Construction LLC, Ralph R. Swope Construction, Inc., Lucks Companies Incorporated, Lucks Co., Inc., and O.L.D., Incorporated, state as follows:

<u>JURISDICTION</u>

1.      This action arises under 18 U.S.C. Sec. 1962 *et seq.* as hereinafter more fully appears.   This court has jurisdiction of this action pursuant to 28 U.S.C. Sec. 1331 as it arises under the Constitution, law or treaties of the United States.

2.      The plaintiffs Narenda Gupta and Geeta Gupta are residents of the Northern District of Illinois, Eastern Division. The plaintiffs NGG Enterprises Limited Partnership and N.G.G. Enterprise, Ltd., have their principal place of business in the Northern District of Illinois, Eastern Division.

3.      The defendants are Michael C. Goode, Morris S. Friedman, Sally Kline, Alan Powers, David Funk, Gene Block, Scott Cecil, Ronnie Dale Swope, Ralph R. Swope, Keith Lucks, Paul Chang, Leon Malachinski, Joel Michel, Pure Energy International, Pure Energy, Inc., Pure Energy Incorporated, Pure Energy International Ltd., Beyond Juice, Beyond Juice LLC, Beyond Juice Inc., a Nevada corporation, VIP*Comlink, Inc.,, a Utah corporation, R. D. Swope Construction LLC, a Nevada limited liability company, Ralph R. Swope Construction, Inc., a California corporation, Lucks Companies Incorporated, a Delaware corporation, Lucks Co., Inc., and O.L.D., Incorporated.

## VENUE

4.     The proper venue in this case is the Northern District of Illinois,

Eastern Division, pursuant to 28 U.S.C. Sec. 1391, which is a judicial district where

any defendant resides, if all defendants reside in the same state, and a judicial

district in which a substantial part of the events or omissions giving rise to the

claim occurred, and a substantial part of property that is the subject of the action is

situated.

### Count 1

## Racketeer-Influenced Corrupt Organizations

### 18 U.S.C. 1962(c)

**Michael C. Goode, Morris S. Friedman, Ronnie Dale Swope, Goode Law Firm, Pure
Energy, Beyond Juice, R.D. Swope Construction, Sally Kline, Alan Powers, David
Funk, Gene Block, Scott Cecil, Ralph R. Swope, Keith Lucks, Paul Chang, Leon
Malachinski, Joel Michel, Pure Energy International, Pure Energy, Inc., Pure
Energy Incorporated, Pure Energy International Ltd., Beyond Juice, Beyond Juice
LLC, Beyond Juice Inc., VIP\*Comlink, Inc., R. D. Swope  Construction LLC, Ralph
R. Swope Construction, Inc., Lucks Companies Incorporated, Lucks Co., Inc.,
O.L.D., Incorporated**

5.     Defendants entered into a common plan and agreement to obtain

money and property by fraud and extortion involving threats of violence.  The

defendants conspired to use electronic wire communication and the U.S. Mail to sell

phony securities, licensing rights, legal services and construction services to the

general public and the plaintiffs, to fraudulently convert the payments and assets of

their customers, investors and clients to their own use, to use threats of violence

and extortion to assist and effectuate their fraud scheme.

6. Defendants' goal, which they achieved, was to obtain money and property by fraud and extortion.

7. To effectuate the scheme, the defendants made misrepresentations concerning the value and viability of securities, licensing rights, construction services, performance and stock shares.

8. The phony securities were issued in the names of Beyond Juice and Pure Energy. The defendants also are using and continuing to use the corporate entity VIP*Comlink, Inc., a Utah corporation, to market their fraud schemes on behalf of Beyond Juice, Pure Energy and new operations.

9. The defendants knew that their fraud schemes were based on fictitious profits, that the products and services were worthless, that any capital was stolen by defendants, and that defendants were running multiple Ponzi schemes.

10. The defendants violated Title 18 U.S.C. Sec. 1962(a), (c) and (d). The defendants formed a scheme to defraud, used the mails and wires in furtherance of that scheme, and had the requisite intent to defraud.

11. The alleged wrongdoers are Michael C. Goode, Morris S. Friedman a/k/a Morrie Friedman, Sally Kline, Alan Powers, Paul Chang, Leon Malachinski, Joel Michel, David Funk, Gene Block, Scott Cecil, Ronnie Dale Swope, Ralph R. Swope and Keith Lucks.

12. The acts committed by Michael C. Goode, Morrie Friedman, Sally Kline, Alan Powers, Paul Chang, Leon Malachinski, Joel Michel, David Funk, Gene Block, Scott Cecil, Ronnie Dale Swope, Ralph R. Swope and Keith Lucks were done

by them personally, either while present in, or by the use of the mails and other instrumentalities in interstate commerce to and from the State of Illinois and elsewhere.

13.     The victims are Narendra Gupta, Geeta Gupta, NGG Enterprise, Ltd., NGG Enterprises Limited Partnership, Mark Halm and hundreds of investors and licensees.

14.     The racketeering enterprise is an association-in-fact of the Goode Law Firm, Beyond Juice, Pure Energy, VIP*Comlink, Inc., Michael Goode and Morrie Friedman a/k/a Morris S. Friedman.

15.     Each of the components of the association-in-fact, The Goode Law Firm, Beyond Juice, Pure Energy, and VIP*Comlink, Inc., is ongoing and continuous and enjoys an existence separate and apart from the racketeering activity.

16.     The alleged racketeering activities are outside the regular course of business of the Goode Law Firm, Beyond Juice, Pure Energy, and VIP*Comlink, Inc.

17.     Michael Goode, Morrie Friedman, Alan Powers, Paul Chang, Leon Malachinski, Joel Michel and Sally Kline are the leaders and supervisors of the association-in-fact enterprise.

18.     The defendants Ronald D. Swope, David Funk, Gene Block, Scott Cecil, Ralph R. Swope and Keith Lucks are subordinate to and take orders from the enterprise association-in-fact.

19.     The alleged predicate acts and the specific statutes allegedly violated by each predicate act include acts that violate the following provisions of Title 18, United States Code:  section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1951 (relating to interference with commerce by threats), and section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity).

20.     The pattern of racketeering activity includes at least two acts of racketeering activity, one of which occurred after the effective date of the Act and the last of which occurred within ten years after the commencement of a prior act of racketeering activity.

21.     Each of the defendants committed one or more of the following predicate acts during the time period June 2005 through July 2010 that used wire communications or the U.S. Mail:

22.     The defendants committed mail fraud and wire fraud by misrepresentations in stock purchase agreements, invoices, financial statements, balance sheets, construction schedules, management agreements, attorney-client contracts, conflict waivers, construction contracts, written and oral communications, emails, telephone calls and additional items.

23.     The defendants Michael Goode and Morrie Friedman used threats of violence to obtain property from victims without their consent in violation of 18 U.S.C. Sec. 1951.

24.     The defendants used extortion in violation of 18 U.S.C. Sec. 1951 to obtain control over the corporate entity VIP*Comlink, Inc., a Utah corporation. The defendants Michael Goode and Morrie Friedman effected threats of violence against Mark Halm, owner of VIP*Comlink, Inc., if he failed to turnover VIP*Comlink, Inc. to a new Board of Directors consisting of Michael Goode, Paul Chang, Leon Malachinski and Joel Michel and if he failed to reinstate the company with the Utah Secretary of State.

25.     The defendants used extortion in violation of 18 U.S.C. Sec. 1951 to intimidate Mark Halm into keeping quiet about defendants' illegal activities.   The defendants Michael Goode and Morrie Friedman effected threats against the life of Mark Halm if he reported the defendants' misconduct to the authorities.

26.     The plaintiffs invested $250,000 in Pure Energy. The defendants Morrie Friedman, Michael Goode and Alan Powers then immediately took the plaintiffs' $250,000 and split the money among the members of the racketeering enterprise.

27.     The plaintiffs invested $150,000 in Beyond Juice. The defendants Morrie Friedman, Michael Goode and Alan Powers took the plaintiffs' $150,000 and split the money among the group.

28.     On or about January 20, 2008, Michael Goode and Morrie Friedman misrepresented to plaintiffs that Pure Energy and Beyond Juice stock shares were worth $1.00 per share when in fact Goode and Friedman knew that the shares were totally worthless.

29.    During February 2008, Morrie Friedman and Michael Goode used wire communications to take $450,000 from the plaintiffs in exchange for worthless shares in Pure Energy and Beyond Juice.

30.    Michael Goode and Morrie Friedman knew for 20 years that the Pure Energy and Beyond Juice stock transactions were a Ponzi scheme based on fraud. Goode and Friedman had been running the Pure Energy and Beyond Juice stock scams since the early 1990's.

31.    During December 2007 and January 2008, Michael Goode, Morrie Friedman and Sally Kline misrepresented to plaintiffs that shares of stock in Pure Energy and Beyond Juice were valuable at the rate of $1.00 per share. Goode, Friedman and Kline knew that all of the shares were worthless and that the plaintiffs were being victimized in a scam operation.

32.    The plaintiffs justifiably and detrimentally relied on the false statements by Goode and Friedman. On or about February 1, 2008, through the use of interstate wire communications, Morrie Friedman and Michael Goode received $250,000 from the plaintiffs.

33.    In October 2007, Michael Goode and Morrie Friedman made false statements to the plaintiffs that Friedman was interested in buying Six Executive Court in South Barrington as headquarters for Beyond Juice and Pure Energy. Morrie Friedman called the office of Michael Goode and masqueraded as a potential purchaser for the property.

34.     In October and November 2007, Morrie Friedman and Michael Goode misrepresented to the plaintiffs that Morrie Friedman would leave Arizona and move the Pure Energy and Beyond Juice businesses to the property at Six Executive Court in South Barrington, Illinois.

35.     In October and November 2007 and thereafter, Morrie Friedman and Michael Goode made false statements to plaintiffs that construction at Six Executive Court must take place immediately and that plaintiffs must advance the necessary funds or the deal with Morrie Friedman would be lost.  Goode and Friedman intended all along to commit fraud by taking the plaintiffs' money and never undertaking construction activities.

36.     On December 30, 2007, Michael Goode, Ronnie Swope and Scott Cecil made false statements to plaintiffs orally and in writing that plaintiffs must pay $175,000 before Swope Construction could perform construction work at Six Executive Court in South Barrington.  Goode, Swope, Cecil and co-defendants knew in advance that they were running a fraud scam on the plaintiffs.

37.     The plaintiffs justifiably and detrimentally relied on the false statements by Goode, Swope and Cecil. On or about January 2, 2008, through the use of interstate wire communications, plaintiffs sent $25,000 as a construction payment for Six Executive Court.  The wire transfer was made from Citi Smith Barney Account #687-03146-18 548 to Bank of America Account #501000358264 in the name of R.D. Swope Construction.

38.     On or about January 9, 2008, Michael Goode misrepresented to plaintiffs that $50,000 was necessary to continue construction at Six Executive Court in South Barrington when Goode knew for a fact that no construction would take place and that their money would be stolen.

39.     The plaintiffs justifiably and detrimentally relied on the false statement by Michael Goode. On January 9, 2008, through the use of interstate wire communications, Michael Goode received $50,000 from the plaintiffs as a construction payment for Six Executive Court.  The wire transfer was made from Citi Smith Barney Account #687-03146-18 548 to Bank of America Account #501000358264 in the name of R.D. Swope Construction.

40.     On or about January 18, 2008, Michael Goode misrepresented to plaintiffs that an additional $50,000 was necessary to continue construction at Six Executive Court.

41.     The plaintiffs justifiably and detrimentally relied on the false statement by Michael Goode. On January 18, 2008, through the use of interstate wire communications, Michael Goode received $50,000 from the plaintiffs as a construction payment for Six Executive Court. The wire transfer was made from Citi Smith Barney Account #687-03146-18 548 to Bank of America Account #501000358264 in the name of R.D. Swope Construction.

42.     On or about March 18, 2008, Michael Goode misrepresented to plaintiffs that an additional $100,000 was necessary to continue construction at Six Executive Court in South Barrington.

43.     The plaintiffs justifiably and detrimentally relied on the false statement by Michael Goode. On March 18, 2008, through the use of interstate wire communications, Michael Goode received $100,000 from the plaintiffs as another phony construction payment to Six Executive Court in South Barrington. The wire transfer was made from Citi Smith Barney Account #687-03146-11 548 to Bank of America Account #501000358264 in the name of R D Swope Construction LLC.

44.     On or about April 22, 2008, Michael Goode misrepresented to plaintiffs that Ronnie Swope and his construction company were going to start work on the property at Six Executive Court.  Michael Goode sent R.D. Swope Construction's proposed construction schedule to the plaintiffs and misrepresented that any money sent by the plaintiffs would expressly be used for the purpose of fulfilling the construction schedule.

45.     On May 15, 2008, Michael Goode used wire communications to make false statements in writing that preparations had been made and that construction would in fact proceed at Six Executive Court immediately.

46.     On or about May 19, 2008, Michael Goode and Ronnie Swope misrepresented to plaintiffs in writing that they had a protectable interest in the Six Executive Court property and that the additional sum of $50,000 was necessary to continue construction.

47.     The plaintiffs justifiably and detrimentally relied on the false statement by Michael Goode. On May 20, 2008, through the use of interstate wire communications, Ronnie Swope and Michael Goode received $50,000 from the

11

plaintiffs as a construction payment for Six Executive Court. The wire transfer was made from Citi Smith Barney Account #687-03146-11 548 to Bank of America Account #501000358264 in the name of R D Swope Construction LLC.

48.     On or about June 24, 2008, Michael Goode misrepresented to plaintiffs that R.D. Swope Construction needed an additional $144,000 to continue construction at Six Executive Court and that the plaintiffs must wire the money immediately.

49.     The plaintiffs justifiably and detrimentally relied on the false statement by Michael Goode. On May 20, 2008, through the use of interstate wire communications, Ronnie Swope, Michael Goode and Morrie Friedman received $50,000 from the plaintiffs as another phony construction payment for Six Executive Court. The wire transfer was made from Citi Smith Barney Account #687-03146-11 548 to Bank of America Account #501000358264 in the name of R D Swope Construction LLC.

50.     On or about July 16, 2008, Michael Goode and Ronnie Swope made materially false and misleading statements orally and in writing to the plaintiffs and misrepresented that additional sums were necessary to finish construction at Six Executive Court.  Michael Goode and Ronnie Swope used phony construction budget documents to make materially false statements that the total sum of $397,606 would be spent on completion of Six Executive Court.  Goode and Swope knew in advance that they would simply steal the plaintiffs' money.

51.     The plaintiffs justifiably and detrimentally relied on the false statements by Michael Goode and Ronnie Swope. On July 11, 2008, through the use of interstate wire communications, the plaintiffs sent $100,000 as another construction payment for Six Executive Court. The wire transfer was made from Citi Smith Barney Account #687-03146-11 123 to Bank of America Account #659003925 in the name of Michael Goode.

52.     On or about September 15, 2008, Michael Goode misrepresented to plaintiffs that the additional sum of $125,000 was necessary to continue construction at Six Executive Court in South Barrington.

53.     The plaintiffs justifiably and detrimentally relied on the false statement by Michael Goode. On September 15, 2008, through the use of interstate wire communications, Michael Goode received the additional sum of $125,000 from the plaintiffs as a construction payment for Six Executive Court in South Barrington.  The wire transfer was made from Citi Smith Barney Account #687-03146-11 123 to Bank of America Account #659003925 in the name of Michael Goode.

54.     On or about February 7, 2005, Michael Goode made false oral and written statements to plaintiffs that plaintiffs and Goode would be fifty (50%) percent partners in Six Executive Court in South Barrington and that Goode and plaintiffs would make equal capital contributions of $650,000.

55.     The plaintiffs justifiably and detrimentally relied on the false statements by Goode. On February 10, 2005, through the use of interstate wire

13

communications, Michael Goode received $650,000 from the plaintiffs. The wire transfer was made from Citigroup Smith Barney Account #687-03146-1-1-123 owned by NGG Enterprise Limited Partnership to Michael Goode's Bank One Chicago Account #04088824.

56.     On or about February 14, 2005, Michael Goode misrepresented to plaintiffs by telephone that plaintiffs must wire $650,000 to cover Goode's capital contribution to Six Executive Court because Goode was in the middle of a divorce and his funds were frozen.

57.     The plaintiffs justifiably and detrimentally relied on the false statements by Michael Goode. On February 14, 2005, through the use of interstate wire communications, Michael Goode received the additional sum of $700,000 from the plaintiffs. The wire transfer was made from Citigroup Smith Barney Account #687-03933-2-6-123 owned by NGG Enterprise Limited Partnership to Michael Goode's Bank One Chicago Account #04088824.

58.     On October 1, 2006, Michael Goode and Keith Lucks misrepresented that Lucks Companies, Inc. and Keith Lucks were interested in buying the real estate at Six Executive Court and made false statements orally and in writing to the plaintiffs that a purchase agreement existed.  Goode and Lucks knew in advance that the document was a scam operation and that they were stealing the plaintiffs' money.

59. Morrie Friedman and Michael Goode are using VIP*Comlink, Inc. as the new vehicle to run the Beyond Juice and Pure Energy scams against new victims.

60. The defendants Michael C. Goode, Morrie Friedman, Sally Kline, Alan Powers, David Funk, Gene Block, Scott Cecil, Ronnie Dale Swope, Ralph R. Swope, Keith Lucks, Paul Chang, Leon Malachinski and Joel Michel conducted the affairs of Pure Energy, Beyond Juice, Goode Law Firm and VIP*Comlink, Inc. through a pattern of racketeering activity and are employed by or associated with the enterprise.

61. The defendants Michael Goode, Morrie Friedman , Sally Kline, Alan Powers, David Funk, Gene Block, Scott Cecil, Ronnie Dale Swope, Ralph R. Swope and Keith Lucks made false statements to facilitate the frauds upon the plaintiffs and others.

62. The enterprises, individuals, partnerships, corporations, associations or other entities allegedly constituting the enterprise are the Goode Law Firm, Pure Energy, Beyond Juice, VIP Comlink, Inc., Morris Friedman and Michael Goode as an association-in-fact and R.D. Swope Construction, Ronnie Dale Swope, Sally Kline, Alan Powers, David Funk, Gene Block, Scott Cecil, Ralph R. Swope and Keith Lucks.

63. The benefits received by Michael Goode, Morrie Friedman , Sally Kline, Alan Powers, David Funk, Gene Block, Scott Cecil, Ronnie Dale Swope,

Ralph R. Swope and Keith Lucks include the use and enjoyment of the monies belonging to the plaintiffs and others.

64.     The enterprises, individuals, partnerships, corporations, associations or other entities allegedly constituting the enterprise are the Goode Law Firm, Pure Energy, Beyond Juice, VIP*Comlink, Inc., Morris Friedman and Michael Goode as an association-in-fact and R.D. Swope Construction, Ronnie Dale Swope, Sally Kline, Alan Powers, David Funk, Gene Block, Scott Cecil, Ralph R. Swope and Keith Lucks as subordinates.

65.     The structure, purpose, roles, function, and course of conduct of the enterprise included acts of mail fraud, wire fraud, extortion and threats of violence interfering with interstate commerce and other misconduct.

66.     The relationship among Michael C. Goode, Morris S. Friedman, Sally Kline, Alan Powers, David Funk, Gene Block, Scott Cecil, Ronnie Dale Swope, Ralph R. Swope, Keith Lucks, Paul Chang, Leon Malachinski, Joel Michel, Pure Energy International, Pure Energy, Inc., Pure Energy Incorporated, Pure Energy International Ltd., Beyond Juice, Beyond Juice LLC, Beyond Juice Inc., VIP*Comlink, Inc., R. D. Swope Construction LLC, Ralph R. Swope Construction, Inc., Lucks Companies Incorporated, Lucks Co., Inc., and O.L.D., Incorporated is ordered and arranged as part of a common plan and external organizing principle to defraud and convert the assets of the plaintiffs and others.

67.     The activities of the enterprise affect interstate and foreign commerce. Such activities in and affecting interstate commerce include, among others, the

interstate fraud schemes by defendants with Pure Energy and Beyond Juice, the interstate practice of law by Michael Goode and the Goode Law Firm, the fact that defendants including Alan Powers, Morrie Friedman and Michael Goode repeatedly cross state boundaries to effectuate their fraud schemes and racketeering operations, and additional activities which are in and affect interstate commerce.

68.     Defendants, for the purpose of executing the scheme to defraud plaintiffs of their property, transmitted and caused to be transmitted communications by means of wire in interstate commerce.  Such interstate communications by wire include, without limitation, wire transfers, emails, facsimiles, and telephone calls.

69.     The use of the mails for purposes of effectuating the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964(c).

70.     As a direct and proximate result of the violations of the R.I.C.O. law by defendants, the plaintiffs suffered more than $1.8 million in economic and pecuniary losses, plus compensatory damages, attorneys' fees, and lost profits, and plaintiffs will continue to suffer such damages and losses in the future.

71.    Additional specific information that defendants may request based on Rule 9(b)'s heightened pleading standard is in the hands of the defendants, who have refused to provide same.

**WHEREFORE**, the plaintiffs pray for judgment against the defendants for a sum in excess of ten million ($10,000,000.00) dollars, treble damages, attorneys' fees and additional expenses and losses.

## Count 2

## Racketeer-Influenced Corrupt Organizations

## 18 U.S.C. 1962(d) Conspiracy

**Michael C. Goode, Morris S. Friedman, Ronnie Dale Swope, Goode Law Firm, Pure Energy, Beyond Juice, R.D. Swope Construction, Sally Kline, Alan Powers, David Funk, Gene Block, Scott Cecil, Ralph R. Swope, Keith Lucks, Paul Chang, Leon Malachinski, Joel Michel, Pure Energy International, Pure Energy, Inc., Pure Energy Incorporated, Pure Energy International Ltd., Beyond Juice, Beyond Juice LLC, Beyond Juice Inc., VIP*Comlink, Inc., R. D. Swope  Construction LLC, Ralph R. Swope Construction, Inc., Lucks Companies Incorporated, Lucks Co., Inc., O.L.D., Incorporated**

72.    Plaintiffs reassert and reallege paragraphs 1 through 71 of Count 1 as and for their allegations herein.

73.    The conspiracy committed by defendants in their common scheme was to use threats of violence to commit extortion, to issue fraudulent stock purchase agreements, management agreements, attorney-client contracts, conflict waivers, construction contracts, real estate contracts, to use the U.S. Mail, telephone and electronic means to collect money by fraud and commit acts of extortion and threats of violence interfering with interstate commerce, to defraud the plaintiffs and general public, and to steal the plaintiffs' assets.

74.     The alleged injury to plaintiffs was directly caused by defendants' violations of the R.I.C.O. statute.

75.     Defendants, for the purpose of executing the scheme to defraud plaintiff of his property, transmitted and caused to be transmitted communications by means of wire in interstate commerce.  Such interstate communications by wire included, without limitation, telephone calls between plaintiffs and other agents and employees, and defendants, emails and electronic filing.

76.     The use of the mails for purposes of effectuating the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964(c).

77.     As a direct and proximate result of the violations of the R.I.C.O. law by defendants, the plaintiffs suffered millions of dollars in economic and pecuniary losses, plus compensatory damages, attorneys' fees, lost profits, and plaintiffs will continue to suffer such damages in the future.

**WHEREFORE**, the plaintiffs pray for judgment against the defendants for a sum in excess of ten million ($10,000,000.00) dollars, treble damages, attorneys' fees and additional expenses and losses.

Count 3

<u>Racketeer-Influenced Corrupt Organizations</u>

18 U.S.C. 1962(a) Investment of Proceeds

**Michael C. Goode, Morris S. Friedman, Ronnie Dale Swope, Goode Law Firm, Pure Energy, Beyond Juice, R.D. Swope Construction, Sally Kline, Alan Powers, David Funk, Gene Block, Scott Cecil, Ralph R. Swope, Keith Lucks, Paul Chang, Leon Malachinski, Joel Michel, Pure Energy International, Pure Energy, Inc., Pure Energy Incorporated, Pure Energy International Ltd., Beyond Juice, Beyond Juice LLC, Beyond Juice Inc., VIP\*Comlink, Inc., R. D. Swope Construction LLC, Ralph R. Swope Construction, Inc., Lucks Companies Incorporated, Lucks Co., Inc., O.L.D., Incorporated**

78.     Plaintiffs reassert and reallege paragraphs 1 through 77 of Count 2 as and for their allegations herein.

79.     The plaintiffs were injured by predicate acts made possible by the defendants' internal investment and use of the proceeds of prior predicate acts.

80.     The defendants used the money received from defrauding the plaintiffs to invest in the enterprise. Defendants waited for the monies to be collected in the Goode Law Firm IOLTA Account, the Ronnie Swope Construction Account, and the Morrie Friedman bank accounts and used it to pay marketing costs of the scam operations such as brochures, testimonials, kickbacks and bribes to co-defendants, filing fees and costs of the many Beyond Juice and Pure Energy entities, wages and salaries of office personnel, office expenses at the Goode Law Firm, legal defense costs for private civil fraud lawsuits, legal defense costs for regulatory actions by states' attorneys general for fraud and injunctive relief, travel costs for meeting with prospective fraud victims, and additional items.

81.     In violation of 18 U.S.C. Sec. 1962(a), the income derived from the pattern of racketeering activity was received by defendants.

82.     The activities of defendants constituted a pattern of racketeering and defendants then invested the proceeds from racketeering in an enterprise, thereby violating section 1962(a).  The defendants also caused injury from the predicate fraudulent misrepresentations, and from subsequent use or investment of the proceeds.

83.     Defendants, for the purpose of executing the scheme to defraud plaintiffs of their property, transmitted and caused to be transmitted communications by means of wire in interstate commerce.  Such interstate communications by wire included, without limitation, telephone calls between plaintiffs and other agents and employees, and defendants, emails, electronic filing and other wire communications.

84.     The use of the mails for purposes of effectuating the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, or the transmission of interstate communications by wire or telephone to effectuate the above-described scheme to defraud plaintiffs, which occurred on more than one occasion in the past ten years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. Sec. 1962, for which treble damages, costs of suit and attorneys' fees may be sought under 18 U.S.C. Sec. 1964(c).

85.     As a direct and proximate result of the violations of the R.I.C.O. law by defendants, the plaintiffs suffered economic and pecuniary losses in excess of $1.8 million, plus compensatory damages, attorneys' fees, lost profits, and plaintiffs will continue to suffer such damages and losses in the future.

**WHEREFORE**, the plaintiffs pray for judgment against the defendants for a sum in excess of ten million ($10,000,000.00) dollars, treble damages, attorneys' fees and additional expenses and losses.

**PLAINTIFFS**

By:     /s/ Paul Caghan
            Their Attorney

PAUL CAGHAN (A.R.D.C. No. 3123213)
**PAUL CAGHAN, P.C.**
2506 N. Clark  St.
Chicago, IL 60614
(773) 469-8724

22