# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4521 | **DATE** | 1/21/2011 |
| **CASE TITLE** | Gupta et al. vs. Goode et al. | | |

**DOCKET ENTRY TEXT**

A consent/waiver executed by Ghandi having been submitted pursuant to my order of December 20, 2010, defendant Goode's motion to disqualify [34] is denied. For the reasons stated below, Goode's motion to dismiss [33] is denied; defendant Paul Chang's motion to dismiss [47] is granted. Plaintiffs have 20 days to file an amended complaint.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiffs' complaint alleges three counts under the RICO statute, 18 U.S.C. §§ 1962(c), 1962 (d), and 1962(a). Goode moves to dismiss on the ground that the claims are insufficiently pleaded. I disagree. Plaintiffs allege a pattern of mail fraud and wire fraud activity in which defendants repeatedly made misrepresentations to them about funds needed for various investments. The complaint provides all of the necessary details concerning the nature of the fraudulent activity; Goode's role in the activity; the date of each fraudulent statement; and the manner in which the statements were communicated (orally, in writing, or both). Furthermore, despite Goode's claim to the contrary, the complaint alleges that the predicate fraudulent acts were the proximate cause of plaintiffs' harm.

As to Chang, however, the complaint's allegations are not sufficient. Chang is listed as one of a large group of other defendants who played a role in the alleged fraud. The complaint provides no specific information regarding Chang's participation in any of the fraudulent activities. Accordingly, Chang's motion to dismiss is granted.